# IN THE COURT OF APPEALS OF IOWA

No. 24-0676
Filed September 18, 2024

IN THE INTEREST OF J.R. and B.R.,
Minor Children,

K.R., Mother,
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Brent Pattison, Judge.


A mother appeals the termination of her parental rights to two children.
**AFFIRMED.**


Heidi Miller of The Law Office of Heidi Miller, Pleasantville, for appellant mother.

Brenna Bird, Attorney General, and Michelle R. Becker, Assistant Attorney General, for appellee State.

Megil D. Patterson of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.


Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

The mother appeals termination of her parental rights to two children: J.R. (born 2018) and B.R. (born 2020). The father of one child consented to termination and does not appeal; the other child's father's rights are not at issue in this appeal.

This family came to the attention of the Iowa Department of Health and Human Services (HHS) most recently due to controlled-substance use. In the juvenile court's words, the mother "was in the throes of methamphetamine abuse," her paramour admitted recent methamphetamine use, and both children tested positive for exposure to methamphetamine. This most recent HHS involvement came after a prior termination of the mother's rights as to two other children, and another case with the older child here which resolved with the mother regaining custody; both of those cases also involved methamphetamine. As of the permanency hearing in this case, the mother remained deep in addiction and did not actively participate in any meaningful treatment over the life of the case. When the court directed the State to petition for termination of parental rights, the court also encouraged the mother to seek inpatient treatment.

Rather than follow the court's encouragement, the mother did not show up to scheduled inpatient programs, avoided some drug screens and tampered with others, and repeatedly tested positive for methamphetamine. She failed to appear at the termination trial, apparently hiding to thwart removal of a new baby who had also tested positive for methamphetamine at birth. The mother did not attend visits with the children at issue here for more than a month before trial.

The children were placed in a pre-adoptive home and cared for by an extended family member. By all accounts, the children were doing well in that placement.

The county attorney, HHS, and the children's guardian ad litem recommended termination of parental rights. The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(f), (h), and (*l*) (2023). She appeals, and we review de novo. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

**Waiver.** As a threshold question, it seems the mother waived her challenge to termination of parental rights by not contesting termination below, as she failed to appear personally and her attorney did not contest the elements. When asked for argument on the merits of termination, the mother's counsel said: "Your Honor, I would take no position on [the mother's] behalf with regards to termination." We say this not to criticize the mother's counsel (who likely had little or no direction from her client on what position to take), but instead because as an appellate court we are only empowered to correct preserved legal errors and live controversies— not waived arguments. *Cf. State v. Gomez Medina*, 7 N.W.3d 350, 355 (Iowa 2024) (noting the constitutional and statutory constraints on appellate courts deciding unpreserved errors). Our unpublished decisions tend to support finding waiver here. *See, e.g.*, *In re B.U.*, No. 24-0504, 2024 WL 3290379, at *2 (Iowa Ct. App. July 3, 2024); *In re E.W.*, No. 22-0604, 2022 WL 2824733, at *1 (Iowa Ct. App. July 20, 2022) ("Although it may be framed as a failure to preserve error, the failure to contest termination may also be properly deemed waiver of the challenge."); *In re M.L.H.*, No. 16-1216, 2016 WL 4803999, at *1 (Iowa Ct. App.

Sept. 14, 2016) ("Although our prior cases have framed the issue as one of error preservation, it may be more accurate to deem the father's failure to contest termination in the juvenile court as waiver."). But we elect to briefly address the mother's contentions on appeal, given our resolution of the merits.

**Statutory Elements.** The mother first contests the statutory grounds for termination. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We elect to affirm under paragraph (*l*) here—which authorizes termination when:

> The court finds that all of the following have occurred:
> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96 and custody has been transferred from the child's parents for placement pursuant to section 232.102.
> (2) The parent has a severe substance use disorder as described by either of the following:
> (a) The severe substance use disorder meets the definition for that term as defined in the most current edition of the diagnostic and statistical manual prepared by the American psychiatric association, and the parent presents a danger to self or others as evidenced by prior acts.
> (b) The disorder is evidenced by continued and repeated use through the case, the parent's refusal to obtain a substance use disorder evaluation or treatment after given the opportunity to do so, and the parent presents a danger to self or others as evidenced by prior acts.
> (3) There is clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home.

Iowa Code § 232.116(1)(*l*).

We doubt we could improve much on this succinct analysis of section 232.116(1)(*l*) in the juvenile court's ruling:

The court rarely has the requisite evidence to terminate under this ground, but in this case the State met its burden. [The mother] has a severe methamphetamine use disorder. She has been recommended for inpatient treatment multiple times during the case and she has not cooperated with the recommendations. She has continued to test positive for methamphetamine use. Her new baby tested positive too. And she has avoided drug screens whenever possible. Her continued use, combined with her mental health challenges, demonstrates she is a danger to herself and her new child. Given [the mother's] history and ongoing drug use at the time of the termination hearing, there is no doubt that this child could not be returned to her care in a reasonable period of time.

On our de novo review, we find these factual findings supported by the record and we agree with the juvenile court's legal conclusion on the elements. The mother does not offer much argument on appeal challenging any of these elements beyond noting that, over the life of the case, she had some drug screens that were negative. But the record suggests some of these negative test results were caused by the mother tampering with the tests. And even if the tests had not been tampered with, the occasional negative drug-screen does not undermine the overwhelming evidence of chronic substance abuse in this record.

**Best Interests.** The mother also contests the court's conclusion that termination was in the children's best interests. On review, we give primary weight "to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *Id.* § 232.116(2). We agree with the juvenile court's observation that the children are doing well in their current placement and that their long-term interests are served by termination, rather than waiting and hoping the mother will beat her chronic methamphetamine addiction. And we reject the mother's generalized assertion on appeal that the children are not

"suffering due to uncertainty in this case" or that termination will be detrimental to the children. *See id.* § 232.116(3)(c); *see also, e.g., In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems.").

**AFFIRMED.**